```
                    UNITED STATES DISTRICT COURT FOR THE
                    WESTERN DISTRICT OF NORTH CAROLINA
                            STATESVILLE DIVISION
                              5:06CV67-V-01
```

| | |
|---|---|
| **CHRISTOPHER WAYNE BOWMAN,** )<br>)<br>    **Petitioner,** )<br>)<br>            **v.** )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>    **Respondent.** )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C.§ 2255 and Petitioner's Motion for Appointment of Counsel, both file stamped May 28, 2006.

A review of the subject Motion to Vacate reflects that on February 21, 2003, after entering a guilty plea, Petitioner was sentenced to 360 months imprisonment. Judgment was entered on March 11, 2003. Petitioner did not directly appeal his sentence or conviction. On May 18, 2006,[1] Petitioner filed the instant Motion

---

[1] In Houston v. Lack, 487 U.S. 266 (1988), the United States Supreme Court held that a pro se prisoner's notice of appeal is deemed filed as of the date on which a prisoner delivers the notice of appeal to prison authorities for forwarding to the district court. Id. at 276. Applying the reasoning of the Houston case to Petitioner's filing of his Motion to Vacate, his Motion would be deemed filed on the date he delivered it to prison officials for forwarding to the district court. Petitioner dated his Motion to Vacate on May 18, 2006. At this time, the Court will use this date as Petitioner's filing date for his federal habeas petition.

to Vacate, Set Aside, or Correct Sentence.

On April 23,1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, the record is clear that Petitioner's conviction became final on March 25, 2003, when his time to file a direct appeal expired. Petitioner's limitation period under AEDPA then expired one year later on March 26, 2004. Petitioner did not file the instant Motion to Vacate until well over two years later on May 28, 2006.

The Court notes that in his Motion to Vacate form, Petitioner

argues that his Motion to Vacate should be considered timely filed because his counsel failed to file a direct appeal as he had requested and because his counsel failed to return his telephone calls and letters about filing a direct appeal and a Motion to Vacate.

When analyzing AEDPA's limitation period and the concept of equitable tolling, the United States Court of Appeals for the Fourth Circuit has stated that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." See Harris v. Hutchinson, 209 F.3d 325, 330(4th Cir. 2000.) That is, equitable tolling is "reserved for those rare instances where - due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. at 330.

Even taking Petitioner's allegations as true, this Court does not find that Petitioner's situation warrants the invocation of equitable tolling. Petitioner admits that he found out that his counsel failed to file a direct appeal well within the one year period in which he could have timely filed a motion to vacate. Indeed, Petitioner asserts that beginning in June 2003, he tried contacting his counsel to have him file a motion to vacate on his behalf. Consequently, at a minimum Petitioner was aware by June

2003, that no direct appeal had been filed on his behalf. Likewise, Petition knew that no motion to vacate had been filed on his behalf. Petitioner provides no reason for his failure to timely file a motion to vacate after learning the situation other than to assert that he was unaware that he could file a pro se motion to vacate. Ignorance of the law, however, does not warrant equitable tolling. As such, this Court holds that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is untimely.[2]

Because this Court has concluded that Petitioner's Motion to Vacate is untimely his Motion to Appoint Counsel is moot.[3]

---

[2] In January 2002, the United States Court of Appeals for the Fourth Circuit decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). In that case, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se § 2254 petition to be untimely and the state has not yet filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal . . . absent a sufficient explanation . . . ." The Fourth Circuit premised its holding on Hill on the fact that a pro se petitioner is unlikely "to preempt an anticipated statute of limitations defense by including facts to show that the petition is timely." Id. at 707. Typically, this Court issues Hill notices in § 2255 cases as well. However, in the instant case, Petitioner, unlike the petitioner in Hill, had an opportunity in his form petition to address the timeliness of his petition. Accordingly, given the fact that at the time he filed his Motion to Vacate, Petitioner knew of AEDPA's limitation period and argued at length that his Motion to Vacate should be considered timely, this Court concludes that it need not provide Petitioner with any additional opportunities to address such matters.

[3] It appears that Petitioner should contact the Assistant United States Attorney who prosecuted his case to assess such prospects as may exist to support possible relief under Rule 35 of the Federal Rules of Criminal Procedure for substantial assistance.

**NOW, THEREFORE, IT IS HEREBY ORDERED that:**

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED;** and

2. Petitioner's Motion for Appointment of Counsel is **DENIED** as moot.

Signed: June 5, 2006

Richard L. Voorhees
United States District Judge